**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank G. MARAGAS and Aristotle G. Maragas, Defendants-Appellants.**

**No. 17857.**

United States Court of Appeals Sixth Circuit.

March 7, 1968.

Harry W. Schmuck, Canton, Ohio, for appellants.

Richard R. Hollington, Jr., Cleveland, Ohio, for appellee, John H. Ritter, Cleveland, Ohio, on the brief, Dominic J. Cimino, Asst. U. S. Atty., Cleveland, Ohio, of counsel.

Before WEICK, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court finding appellants guilty of criminal contempt for interference with a receiver appointed by the Court. 18 U.S.C. § 401(3). Appellant, Frank G. Maragas, was sentenced to sixty days' imprisonment; his brother, Aristotle, was sentenced to ten days' imprisonment. The Court dismissed a charge of civil contempt which was heard along with the charge of criminal contempt.

The Maragas brothers were the principal shareholders of Magnolia Corporation, which owned and operated a 244-room motel, called Yankee Clipper, locat-

ed in Boston Hills Township on Route 8 near Akron, Ohio. The motel was not adequately financed and moneys were owing for construction, furnishings and other claims. An action to foreclose a mortgage on the real property of the motel was instituted in the Court of Common Pleas of Summit County, Ohio. Subsequently a suit was filed against Magnolia Corporation in the District Court for the appointment of a receiver, and on May 5, 1966, a receiver was appointed, with limited powers, to collect and conserve the cash derived through operation of the motel by the Maragas brothers.

The operation continued to be unprofitable and on October 28, 1966, the District Court, after hearing, vested complete possession, control and management of the assets of the corporation in the receiver, but the Court recognized prior jurisdiction acquired by the Common Pleas Court over the real property in the foreclosure action, and did not interfere with it. The Maragas brothers were represented by counsel in Court at the hearings which resulted in the above order, and Aristotle was present. The order was served on both brothers on October 31, 1966. The Corporation had leased the land to the receiver.

Without notice to the receiver, the Maragas brothers closed the motel early in the morning on October 31. "Closed" signs were posted on the motel building; doors were locked; guests were checked out, and the employees were excused from work. The Comptroller employed by the receiver was denied admittance to the motel by Aristotle. Frank Maragas called the Akron Beacon Journal and informed the newspaper that he was closing the motel. This resulted in a front page story on the same day. The receiver heard a radio news broadcast in which it was stated that the motel had been closed. He reported it to the court and an order was entered naming a new manager for the motel and enjoining the Maragas brothers from interfering with the receiver. This order was served on the Maragas brothers by the United States Marshal, and after a two-hour

delay during which Frank Maragas talked with his lawyer, representatives of the receiver were permitted to take charge.

The new manager found several important items missing. The banquet function book had been removed, and was not returned until November 2nd; a file of tentative banquets had been removed and was not returned until November 4th; a file containing addresses and telephone numbers of past customers was removed and has never been returned; and the bank book of the Corporation was removed and has not been returned. Aristotle called a person who had arranged for a banquet the following weekend and told him that the motel might not be able to handle it, but that the brothers' other motel in Cuyahoga Falls was available.

On November 14th the brothers erected a tent near the main entrance to the motel, installed a camping trailer, wires bearing skull and cross-bones-flags, tables, chairs, a generator, and a fifty-foot sign and smaller signs announcing that the property was "for lease" at a rental of one dollar per square inch. The gesture received wide publicity in the newspapers in Akron and Cleveland.

The Court immediately issued an order directing the brothers to remove themselves and their property from the premises, restraining them from attempting to lease, sell or advertise the premises for lease or sale, and restraining them from entering the premises. Frank Maragas called the Akron Beacon Journal and advised them that he had been served with the order, but that he was "staying until they remove me". This resulted in another front page story. Maragas also called a Cleveland television station and told a newscaster about the order and that he intended to disobey it.

In the District Court the defendants asked for a jury trial on the criminal contempt charge, but it is settled that they were not entitled to a jury. United States v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964). The sentences imposed were within the permissible limits for a petty offense.

Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966); United States v. Schiffer, 351 F.2d 91 (6th Cir. 1965).

Appellants contend that the application for an order to show cause did not state facts sufficient to constitute contempt. We think it did. The application had annexed an affidavit which set forth all of the facts which we have related, and even more detail.

Substantial evidence supported the contempt charge. In our opinion the acts of the defendants were intentional and did interfere with the receiver and with his possession of the assets of the motel. The attendant publicity was not beneficial to the motel or to the receiver's operation thereof. Such interference with a receiver constitutes contempt of court. In re Tyler, 149 U.S. 164, 181, 13 S.Ct. 785, 37 L.Ed. 689 (1893).

Appellants argue that the court was biased and prejudiced against them. They point out that the court required them to furnish $5,000-bail bonds to insure their attendance at the contempt hearing, and fixed a $5,000-appeal bond for Frank Maragas and a $2,000-appeal bond for Aristotle Maragas. Neither of the defendants filed an affidavit of bias and prejudice in the District Court. We have examined the record and in our judgment the charge of bias and prejudice has not been supported.

There remains the question whether the sentences were too severe. In contempt cases the sentences imposed are subject to appellate review and revision. Cheff v. Schnackenberg, supra; United States v. United Mine Workers, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947). The conduct of the defendants must be considered in the light of their predicament as principal owners of a valuable property which they were about to lose, and from which they had been evicted. Their backs were against the wall. Their actions were charged with emotion and in some respects were childish. Had they used good judgment they would have known that their activities would accomplish nothing beneficial but on the contrary would result in harm to themselves and damage to the property which they were trying to save. Furthermore, their conduct was calculated to antagonize the District Judge who had been very patient with them.

If the counterpart of the District Judge, sitting in the Common Pleas Court foreclosure case involving the real property, had found the defendants guilty of contempt, the sentence which he could have imposed was limited by Ohio law to ten days' imprisonment or a $500-fine, or both. Ohio Rev.Code § 2705.05. Under federal law the rule with respect to petty offenses applies and the sentence may not exceed six months unless a jury trial has been granted.

Although the sentence imposed on Frank Maragas was within the permissible limits of federal law, we think it was excessive. It is therefore modified so as to provide for ten days' imprisonment, and as modified the judgment is affirmed.

The sentence against Aristotle Maragas was also excessive. It is therefore modified so as to provide for five days' imprisonment, and as modified the judgment is affirmed.